## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Bryon J. Speakes, Special Agent ("SA"), Federal Bureau of Investigation ("FBI"), Youngstown, Ohio, hereinafter referred to as Affiant, being duly sworn, state that:

### INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510 (7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C. § 2516. I have been trained in advanced investigative techniques and have satisfied all requirements defined by the Federal Criminal Investigator Classification series established by the U.S. Office of Personal Management.

2. I have been employed as a Special Agent with the FBI since 2015. Currently, I am assigned to the Cleveland Division's, Youngstown Resident Agency. In that capacity, I have been involved in numerous investigations, including those involving violations of narcotics and weapons related laws. In the course of my duties, I regularly serve subpoenas, conduct interviews, take sworn statements, execute search warrants, and otherwise gather evidence in furtherance of criminal investigations. These investigations include, but are not limited to, firearms offenses, drug crimes, crimes against children, national security, bank robbery, and white-collar crimes. I also testify in front of grand juries and in court. I am also assigned to the FBI's Mahoning Valley Violent Crimes Task Force ("MVVCTF").

3. Over the course of my employment as an FBI Special Agent I have conducted and participated in multiple criminal investigations that have resulted in arrests for violent criminal offenses. The crimes resulted in subsequent convictions in Federal Courts.

4. This affidavit is being submitted for the limited purpose of establishing probable

cause to believe that **ANDREW ALLEN MEEK**, age 48, currently residing on State Route 164, Leetonia, Ohio in the Northern District of Ohio, Eastern Division, has received and possessed child pornography in violation of 18 U.S.C. § 2252A(a)(2) - receipt of child pornography; and 18 U.S.C. § 2252A(a)(5)(B) - possession of child pornography.

5. The statements contained in this Affidavit are based in part on: information provided by FBI Special Agents, Task Force Officers ("TFOs") and FBI Analysts, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, reporting by eye witnesses, independent investigation and analysis by FBI agents/analysts and computer forensic professionals, and my experience, training and background as a Special Agent of the FBI. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the foundation for the requested complaint.

6. This court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

RELEVANT STATUTE

7. This Complaint involves violations of the following statutes:

    a. 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), which prohibits a person from knowingly receiving, distributing or conspiring to receive or distribute any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or using any means

2

        or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

    b.    18 U.S.C §§ 2252A(a)(5)(B) and (b)(1), which prohibits a person from knowingly possessing or knowingly accessing with intent to view, or attempting or conspiring to do so, any material that contains an image of child pornography, as defined in 18 U.S.C. §2256(8), that has been mailed, or shipped or transported using any means or facility of interstate of foreign commerce or in or affecting interstate of foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, and at least one image depicts a prepubescent minor or minor under the age of 12 years old.

<u>BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE</u>

8.    On or about October 30, 2019, the FBI's Youngstown Resident Agency ("YRA") began an investigation into **ANDREW ALLEN MEEK** following a referral from a Columbiana County, Ohio[1] business (hereinafter, "OHIO BUSINESS") contact. The OHIO BUSINESS contact, (hereinafter, "WITNESS-1") informed FBI SA Themi Tsarnas ("SA Tsarnas") that in May 2019 s/he observed, "pictures of young girls in underwear, and clothed," on the workstation computer operated by **MEEK**. Following this observation, **MEEK**'s employment at the OHIO BUSINESS was immediately terminated. Concurrent to **MEEK**'s termination WITNESS-1 was

---

[1] Columbiana County, Ohio is in Northern District of Ohio, Eastern Division.

able to take twenty-five still image screen shots of the content accessed by **MEEK** on his workstation computer. WITNESS-1 along with additional OHIO BUSINESS, employees also maintained several digital and physical items that reportedly belonged to **MEEK**, and which **MEEK** left behind after his termination.

9. On November 8, 2019, SA Tsarnas and I traveled to the OHIO BUSINESS to further interview WITNESS-1, and other employees of the OHIO BUSINESS, and to collect the items which previously belonged to **MEEK**. In an interview with an executive employee of the OHIO BUSINESS (hereinafter, "WITNESS-2") s/he stated that on or about October 30, 2019, s/he observed several physical and digital items left behind at **MEEK**'s workstation which included removable storage devices ("flash-drives"). WITNESS-2 then viewed the content of the flash-drives in order to ensure no proprietary OHIO BUSINESS information was maintained within. WITNESS-2 stated that upon viewing a flash-drive s/he observed images that depicted, "naked little girls and genital penetration." WITNESS-2 also opened a brown briefcase suspected of belonging to **MEEK**. Enclosed within the briefcase was a U.S. Passport application filled out with **MEEK**'s name, address and other personal information and a brown folder labeled "confidential." The brown folder contained a printed color image depicting a girl approximately five to eight years of age. The girl was lying down on her back wearing only panties with her legs spread.

10. On November 8, 2019, I contacted FBI TFO SA Brenda Golec ("TFO Golec") of the Ohio Bureau of Criminal Investigation—Crimes Against Children Unit (BCI-CACU) in order to assist with the investigation into **MEEK**.

11. On November 20, 2019, TFO Golec took custody of the seven digital items that SA Tsarnas and I collected from the OHIO BUSINESS.

12. On November 20, 2019, the Honorable Judge Donofrio, of the Mahoning County, Ohio, Common Pleas court authorized the search of the seven digital items which were suspected of belonging to **MEEK** which included: three flash-drives, a camera memory card, a mobile digital music player, and two desktop computers.

13. On December 9, 2019, TFO Golec reviewed the seven digital items listed above after a digital extraction by BCI's Cyber Crimes Unit. Upon completion of her analysis, TFO Golec observed seven images depicting child pornography, which included two images described below:

   a. An image titled, "carved [577036][10401]," which depicts a color photograph of an early teen-aged female wearing only a pink skirt that is pulled up, exposing her vagina and breast to the camera; and

   b. An image titled, "lsg-55-074[8108]," which depicts a color photograph of an early teen-aged female kneeling nude on a rock outside; the female is exposing her breasts and vagina to the camera. The words "Beautiful Teens" is written on the bottom left hand of the photograph.

SEARCH of XXXX State Route 164, Leetonia, Ohio, 44431

14. On February 24, 2020, the Honorable Megan L. Bickerton, of the Columbiana County, Ohio, Common Pleas court authorized the search of **MEEK**'s residence at XXXX [REDACTED] Route 164, Leetonia, Ohio.

15. On February 25, 2020, the MVVCTF and BCI-CACU executed the search warrant at **MEEK**'s residence. Seized during the search were 18 items to include 16 digital items. An on-site forensic preview of the digital items conducted by BCI-CACU discovered several images depicting suspected child pornography.

16.  On February 25, 2020, **MEEK** agreed to accompany East Liverpool Police Department ("ELPD") patrol supervisor Captain Daren Morgan and me from East Liverpool City Hospital where **MEEK** worked as a security guard.  Youngstown Police Department Detective Kelly Jankowski ("Det. Jankowski") of the Mahoning Human Trafficking Task Force and I interviewed **MEEK** at the ELPD.  During the interview **MEEK** stated, "[He had a] lifelong addiction to pornography that started when he was a teenager."  **MEEK** also admitted to viewing child pornography for approximately ten years which included images of pre-pubescent girls engaged in sex with adults.  When seeking for child pornography on the Internet **MEEK** would query terms such a "PTHC[2]" and "Lolita[3]."  **MEEK** was also shown several images that were collected from the OHIO BUSINESS on November 9, 2019—these images depicted non-nude imagery of both pre-pubescent and juvenile females.  **MEEK** then identified that these images originated both as downloads from the Internet as well as photographs in which he took himself.  During the interview **MEEK** gave me written consent to access his cellular telephone (later identified as Samsung Galaxy S9, bearing International Mobile Equipment Identity number, 353305093053755, hereinafter TARGET TELEPHONE-1 [TT-1]).   Det. Jankowski and I then observed non-nude pictures of pre-pubescent females on TT-1, which **MEEK** stated he downloaded from an acquaintances public Facebook profile pages.

17.  On March 17, 2020, BCI-CACU SA Erica Moore ("SA Moore") conducted a preliminary analysis of the digital items seized from **MEEK**'s residence and TT-1.  In her analysis SA Moore indicated that over 2,000 suspected "graphic images which may depict child

---

[2] "PTHC" is an acronym for Pre-Teen Hardcore [Pornography].
[3] "Lolita" is a term commonly used by persons who search for child pornography and/or child sexually suggestive materials.  The term derives from Vladimir Nabokov's novel *Lolita*, which describes the narrator's sexual obsession and subsequent sexual abuse of a 12-year-old girl named Dolores, whose nickname was Lolita.

pornography" was observed. SA Moore also indicated that TT-1 contained, "Twenty eight (28) graphic images that may depict child pornography were located upon the microSD card within [TT-1]."

18. On April 19, 2020, I conducted a review of the derivative evidence extracted by SA Moore. Based upon my review I observed at least eight images and at least two videos that depict child pornography—to include five images that depict pre-pubescent females who have not obtained the age of 12. My review also found four images that contained "PTHC" within the title of the images. Descriptions of five of the sexually explicit (child pornography) images and/or video from **MEEK**'s electronic items are as follows:

  a. A video titled, "xvideos.com_2b47cffd183cb659c50bef86f5bce799-1.mp4," which depicts an Asian juvenile female engaging in masturbation, oral and vaginal sex with an adult male;

  b. An image titled, "PTHC 2012 8Yo Gorgeous Little Brunette (1).jpg," which depicts a pre-pubescent female is lying on her back with her legs spread exposing her vagina;

  c. An image titled, "PTHC 2012 8Yo Gorgeous Little Brunette (3).jpg," which depicts a pre-pubescent female is lying on her back with her legs spread; the female is spreading her own buttocks exposing her vagina and anus;

  d. An image titled, "PTHC 2012 8Yo Gorgeous Little Brunette (7).jpg," which depicts a pre-pubescent female is kneeling on a mattress with her panties around her ankles exposing her vagina and anus;" and

7

    e.    An image titled, "fbc844fbd0934793_1_embedded_1," which depicts an adult male is masturbating near the vaginal region of a juvenile female who is wearing children's panties; the female's legs are spread.

19.    Upon further view of the child pornography images and videos listed above I observed that these digital files were modified between October 15, 2010 and April 4, 2018.

## CONCLUSION

20.    Based on the foregoing, there is probable cause to believe that **ANDREW ALLEN MEEK** violated 18 U.S.C. § 2252A(a)(2) - receipt of child pornography; and 18 U.S.C. § 2252A(a)(5)(B) - possession of child pornography.

Bryon J. Speakes
Special Agent
Federal Bureau of Investigation

Sworn to via telephone after submission by reliable
Electronic means [Fed. R. Crim. P. 4.1]
On this __XX__ day of April 2020.
    24th

/s/George J. LImbert
----------------------------------------------------
U.S. MAGISTRATE JUDGE