UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:20-cr-269 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ANDREW ALLEN MEEK, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Andrew Allen Meek ("Meek") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 46 (Motion).) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 50 (Response)), and Meek has filed a reply. (Doc. No. 52 (Reply).) For the reasons set forth herein, the motion to vacate is DENIED.

I.  BACKGROUND

On May 20, 2020, an indictment issued charging Meek with one count of receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). (Doc. No. 9 (Indictment), at 1.[1]) He pleaded guilty to both charges. (Doc. No. 36 (Transcript of Change of Plea Hearing), at 35.) On June 16, 2021, the Court sentenced him to 87 months imprisonment on each count, to be served concurrently. (Doc. No. 26 (Judgment), at

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

2.) Meek filed a direct appeal, claiming that the Court erred by withholding a two-level reduction in his offense level under U.S.S.G. § 2G2.2(b)(1) and by imposing a $5,000 special assessment for each count of conviction. (Doc. No. 43 (Appellate Opinion), at 1.) The Sixth Circuit rejected these arguments and affirmed the sentence (*Id.*) On April 25, 2023, Meek filed the present motion to vacate. He raised four grounds for relief in his motion. (Doc. No. 46.) All of his grounds sounded in ineffective assistance of counsel. (*Id.*) The motion is now ripe for resolution.

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

The movant bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). Vague

2

and conclusory claims that are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *see Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required "'to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The burden borne by a § 2255 petitioner to obtain a hearing is not especially onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). However, a petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle him to federal habeas relief. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008); *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that [the petitioner] would be able to prove his allegations" at a hearing); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine*, 488 F.3d at 334 (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

Moreover, a hearing is not necessary when a petitioner's claims "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather

3

than statements of fact.'" *Id.* (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where, as here, the judge considering the § 2255 motion also presided over the proceedings, the judge may rely on her recollections of the proceedings. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. As set forth in detail below, Meek has failed to identify facts that, if true, would entitle him to relief under § 2255. Moreover, many of the arguments advanced by Meek in support of the present motion are either contradicted by the record or are adverted in a perfunctory and conclusory manner, preventing further review by this Court.

## III. DISCUSSION

Meek attempts to ground his claims in the Sixth Amendment right to effective assistance of counsel. "To prevail on an ineffective-assistance-of-counsel claim, [Meek] must satisfy the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Wingate v. United States*, 969 F.3d 251, 255 (6th Cir. 2020). Specifically, Meek must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687–88; *see also Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The Court may address the *Strickland* prongs in any order and need not address both prongs if Meek "makes an insufficient showing on one." *See Wingate*, 969 F.3d at 955 (quotation marks and citation omitted).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Judicial scrutiny of counsel's performance must be highly deferential[.]" *Strickland*, 466 U.S. at 689. A court considering a claim of

4

ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Id*. Indeed, a petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687–88; *United States v. Hanley*, 906 F.2d 1116, 1120–21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987); *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) ("Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won.") (citing *Strickland*, *supra*.)

### A. Failure to Pursue a Plea Agreement (Ground One)

In his first claim, Meek alleges that his attorney "failed to pursue a plea agreement for him[.]" (Doc. No. 46, at 4.) This claim is plainly contradicted by the record.

In his motion, Meek admits that on July 13, 2020, he and his defense counsel discussed a potential plea agreement and that, two days later, his counsel said he was waiting to hear from prosecutors regarding a plea agreement. (Doc. No. 46, at 5.) Additionally, in an email exchange Meek appended to his motion, his defense counsel asked, "Do we have a Rule11 [sic] proposal[?]" (referring to a proposed plea agreement) to which the prosecutor responded with a proposed sentencing guideline calculation and said, "Let me know if Mr. Meek would like a plea agreement." (Doc. No. 46-1 (Motion Exhibit-1), at 2.) These undisputed facts demonstrate that Meek's counsel was, in fact, pursuing a plea agreement.

Furthermore, Meek cannot demonstrate that his counsel's actions relating to the plea negotiations "fell below an objective standard of reasonableness," as required by the first prong of

5

*Strickland*'s ineffective assistance of counsel standard. *Strickland*, 466 U.S. at 687–88. In his motion, Meek explains that his counsel ultimately advised him against entering into a plea agreement, and, instead, "suggested an 'open plea'" so that Meek would be allowed to challenge "the sentencing enhancements put forth by the government." (Doc. No. 46, at 5.) According to *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." 466 U.S. at 690. Thus, in order to prevail on an ineffective assistance of counsel claim, Meek would have to show that his counsel used a tactic that "no competent lawyer would have chosen." *Dunn v. Reeves*, 594 U.S. __, 141 S. Ct. 2405, 2410, 210 L. Ed. 2d 812 (2021). Furthermore, when a defendant challenges an omission by counsel, such as not advising the defendant to enter a plea agreement, courts must employ "a strong presumption" that the omission was "for tactical reasons rather than sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003) (citing *Strickland*, 466 U.S. at 690). In this case, counsel's strategy was one that a competent lawyer would have chosen—in fact, the strategy paid off, as Meek did not receive a two-level sentencing enhancement for distribution as recommended by the presentence report writer and urged by the government;; additionally, the Court also applied a one-level downward variance to the advisory sentencing guidelines as determined by the Court. (*See* Doc. No. 37 (Transcript of Sentencing Hearing), at 8, 12.) Therefore, counsel's decision to advise Meek against accepting a plea agreement was objectively reasonable and does not meet *Strickland*'s high bar for ineffective assistance of counsel. This first ground for relief is denied.

**B.  Failure to Advise Defendant of Double Jeopardy Violation (Ground Two) and Failure to Raise Multiplicity or Double Jeopardy Claims at Sentencing (Ground Three)**

In his second ground for relief, Meek argues that his defense counsel was constitutionally deficient for "advising him to plead guilty to both receipt and possession of child pornography[,]" because he believes that his conviction for both crimes resulted in a double jeopardy violation. (Doc. No. 46, at 9.) In his third ground, he maintains that his counsel was constitutionally ineffective in failing to raise a double jeopardy or multiplicity claim at his sentencing hearing. (Doc. No. 46, at 15.)

The Fifth Amendment prohibits people from being "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The Double Jeopardy Clause has no application unless jeopardy has attached." *United States v. Toaz*, 59 F. App'x 94, 100 (6th Cir. 2003) (citing *Serfass v. United States*, 420 U.S. 377, 388, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975)). When a defendant pleads guilty to an offense, jeopardy attaches "upon the court's acceptance of the plea agreement." *United States v. Ursery,* 59 F.3d 568, 572 (6th Cir. 1995), *rev'd on other grounds,* 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996).

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). When one of the offenses does not require proof of an additional fact, that offense is said to be a "lesser-included offense" of the other, and conviction for both offenses therefore violates the double jeopardy clause. *See United States v. Dudeck*, 657 F.3d 424, 430 (6th Cir. 2011). "[W]hile possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes

7

is permissible if separate conduct is found to underlie the two offenses." *Id.* at 430. In the Sixth Circuit, to determine whether a petitioner convicted of both possession and receipt has a meritorious double jeopardy claim, a district court must "determine if the record reflects that receipt and possession occurred on different dates; that after receipt, possession was undertaken by transfer to a different medium; or that [the petitioner] was charged with possession of child pornography images for which he was not also charged with receipt . . . . If [the petitioner] was charged with receipt of any images for which he was not also charged with possession—and vice-versa—the two can be punished as separate offenses." *Dudek*, 657 F.3d at 431 (internal citations omitted).

Recently, a Sixth Circuit panel issued a decision upon facts that are similar to the facts of this case. *See Lemoine v. United States*, 819 F. App'x 358 (6th Cir. 2020). In *Lemoine*, the petitioner pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *Id.* at 359. He filed a § 2255 motion alleging that his counsel was constitutionally deficient on several grounds, including "failing to challenge the multiplicity of the indictment," "erroneously advising him to plead guilty to both receipt and possession of child pornography," and "failing to raise multiplicity or double jeopardy at sentencing." *Id.* at 361.

The court in *Lemoine* applied the law announced in *Dudek* that "convictions for receipt of child pornography and possession of the same child pornography violate the Double Jeopardy Clause," *id.* at 363 (citing *United States v. Ehle*, 640 F.3d 689, 698–99 (6th Cir. 2011)), but "conviction under both statutes is permissible if separate conduct is found to underlie the two offenses." *Id.* at 364 (quoting *Dudeck*, 657 F.3d at 430). Because the court in *Lemoine* could not

8

make the relevant determination on appeal, it remanded the petitioner's motion to the district court to determine whether separate conduct supported the two offenses. *Id.*

The Sixth Circuit provided guidance to the district court on remand. First, the Sixth Circuit warned that the district court should not take new evidence in determining whether the convictions are supported by separate conduct; rather, it should rely on the original record. *Id.* at 364–65 (citations omitted). Next, the court explained that Sixth Circuit precedent "is somewhat conflicted on whether the transfer of child pornography from a computer to additional storage media may constitute separate conduct." *Id.* at 365. The court noted that the Sixth Circuit had held in a prior case, *United States. v. Ogden*, 685 F.3d 600, 603 (6th Cir. 2012), that there was no double jeopardy violation when the defendant received images of child pornography through a computer and transferred them to an external hard drive, but declined to follow *Ogden* in *United States v. Faulkner*, 730 F. App'x 325, 329 (6th Cir. 2018).[2] *Id.* It explained that if the government pursued the electronic transfer rationale on remand, the district court should "consider the competing rationales" of *Ogden* and *Faulkner*. *Id.* Finally, the court stated that "if the district court determines that separate conduct does not support the respective charges, and that Lemoine's counsel rendered deficient performance by failing to raise the issue, then petitioner has established prejudice arising out of his counsel's performance at sentencing." *Id.*

In the present case, the government argues that both the double jeopardy and multiplicity claims fail for the same reason: "[S]eparate conduct" supports the receipt and distribution charges,

---

[2] The court in *Faulkner* rejected the argument that "Faulkner's receipt and possession offenses were based on separate conduct because he received pornographic images at his email address, but later possessed pornographic images on the media card of his cell phone." *Faulkner*, 730 F.3d at 329. It noted that in *Ehle*, the Sixth Circuit found that "'electronically transferring the pornography to different locations' is insufficient by itself to support separate convictions for receiving and possessing child pornography." *Id.* (quoting *Ehle*, 640 F.3d at 696). It further explained that "*Ehle* is binding on us as a published case." *Id.*

which allows Meek to be convicted of both offenses. (Doc. No. 50, at 10–11 (quoting *Dudeck*, 657 F.3d at 430).) The government contends that the conduct supporting the receipt and distribution charge consists of Meek's use of a peer-to-peer sharing network for ten years prior to his arrest, while the conduct supporting the possession charge consists of the eight images and two videos found during a search of Meek's home. (*Id.* at 11; *see also* Doc. No. 21 (PSR) at ¶¶ 15–17, 33 (indicating that Meek possessed a total of eight images and two video files, which equated to 150 images, for a total of 158 images).)

The government is correct in its assertion that separate conduct supports Meek's possession and receipt convictions. This is because Meek "was charged with receipt of [] images for which he was not also charged with possession." *Dudeck*, 657 F.3d at 431. According to the indictment, Meek received and distributed "numerous computer files" containing child pornography from approximately October 15, 2010 through February 25, 2020. (Doc. No. 9, at 1.) Among these images were seven images depicting child pornography found from an extraction of digital items suspected of belonging to Meek (some of which were found in his briefcase), specifically, three flash drives, a camera memory card, a mobile digital music player, and two laptop computers, located at Meek's workplace and reviewed on December 9, 2019, after they were extracted pursuant to court authorization given on November 20, 2019. (Doc. No. 21 ¶¶ 12–14). During his change of plea hearing, Meek admitted (as set forth in Count 1), as follows:

> [T]hat between October 15, 2010 and February 25, 2020, Mr. Meek used electronic devices to connect to the internet from the Northern District of Ohio.
>
> And he used those electronic devices to search for and download visual depictions of real minors engaged in sexually explicit conduct.
>
> He also, during that time period, used peer-to-peer software which enabled him to connect to other people's computers and enabled other people to connect to his computer. And he used that peer-to-peer software also to search for and

> download child pornography which, while he was using that software, it made those same images and videos of child pornography available to others to download from him.

(Doc. No. 36 (Transcript of Change of Plea Hearing), at 27.) Thus, not only did Meek admit to using electronic devices during a nearly ten-year period to search for and download visual depictions of real minors engaged in sexually explicit conduct, some of the images which were found during the extraction in 2019 of the digital devices he had or used at work, but he also admitted that while he was using that software, it made those same images and videos of child pornography available to others to download from him. (*See* Doc. No. 36 (Transcript of Change of Plea Hearing), at 29 (Meek acknowledging that the facts as recited by the government's attorney are facts that the government would be able to establish by proof beyond a reasonable doubt should the case proceed to trial).)

The conduct underlying the possession charge was different and involved different images: it was limited to the child pornography found on two HP laptop computers, one Dell tablet computer, a DVD, an SD card, and two Samsung cell phones during a search of Meek's residence on February 25, 2020. (*See* Doc. No. 9, at 1–2; Doc. No. 21 (PSR) ¶ 15; *see also* Doc. No. 36 (Transcript of Change of Plea Hearing), at 27–28.) Eight images and two videos depicting child pornography were found on those devices. (*See* Doc. No. 21 ¶¶ 15–16, 22.) The descriptions of images found on those devices do not match the descriptions of images found on the seven digital items that were reviewed on December 9, 2019. (*Compare* Doc. No. 21 ¶ 14, *with id.* ¶¶ 16–17.) Therefore, neither Meek's double jeopardy claim nor his multiplicity claim would have been meritorious, and his counsel was not constitutionally ineffective in failing to raise them. *See Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010) (counsel was not ineffective for failing to raise patently frivolous arguments); *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2004) (the required

showing of prejudice for an ineffective assistance of counsel claim cannot be made if the unasserted argument lacks merit). Grounds Two and Three are denied.

### C. Failure to Raise Multiplicity or Double Jeopardy Claim on Appeal (Ground Four)

Ground Four of Meek's motion alleges that appellate counsel provided ineffective assistance of counsel by failing to raise a multiplicity or double jeopardy claim on direct appeal. For the same reasons why Meek's trial counsel was not constitutionally ineffective in failing to counsel against entering a guilty plea or raise a multiplicity or double jeopardy claim at sentencing, Meek's appellate counsel was not constitutionally ineffective in failing to raise non-meritorious claims of multiplicity or double jeopardy on appeal. *See Webb v. Mitchell*, 586 F.3d 383, 398 (6th Cir. 2009) ("Ineffective assistance of appellate counsel claims are governed by the same *Strickland* standard as ineffective assistance of trial counsel."); *Matthews v. United States*, 11 F.3d 583, 585 (an attorney is not required to raise meritless issues on appeal); *see also Geer v. Mitchell*, 264 F.3d 63, 676 (6th Cir. 2001) ("By definition, appellate counsel cannot be ineffective for failing to raise an issue that lacks merit."). Accordingly, this final ground for relief also fails.

### IV. Conclusion

For the foregoing reasons, Meek's motion to vacate, set aside, or correct his sentence is denied. Further, for all of the same reasons, the Court finds that "reasonable jurists" would not debate the Court's determination that Meek failed to demonstrate that he received ineffective assistance of counsel from his trial and appellate counsel. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: November 1, 2023

                                            **HONORABLE SARA LIOI**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**